.com
# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JEROME FORD,**

       **Petitioner,**

v.                                                       **Civil Action No. 1:14cv69**
                                                          **(Judge Keeley)**

**RUSSELL A. PERDUE, Warden,**
**MR. WEAVER, Health Service Administrator,**
**EDDIE ANDERSON, Doctor,**
**MS. BRANNAN, Health Service Clerk/Assistant,**
**MR. NOLTE,**
**CHARLES E. SAMUELS, Jr., Director of BOP,**
**NEWTON E. KENDIG, Medical Director,**
**Ms. HALL, Nurse,**
**MR. HALL, Nurse,**
**ANDREA SMITH POSEY, Nurse,**
**MS. CARSON, Nurse,**
**DR. KIM, Clinical Director/Doctor,**
**MS. GROVE, Nurse/Health Services Admin. Assistant,**
**MS. LEHMANN,**
                **Respondents**

## REPORT AND RECOMMENDATION

On April 17, 2014, the *pro se* petitioner filed a Petition for Writ of Mandamus. This case is before the undersigned for a preliminary review and Report and Recommendation.

In his petition, petitioner alleges that on June 24, 2013, he was working in the Federal Prison Industry, UNICOR, when he sustained a job-related injury which caused him to lose three fourths of right index finger due to negligence on the part of the respondents. More particularly, the petitioner alleges that the respondents failed to follow the strict orders of the outside physician who operated on his finger. The petitioner maintains that if his orders had been followed, he would not

have lost his right index finger. For relief, the petitioner seeks an order to force the respondents to give him therapy so he will not be crippled for life. He also seeks proper nerve medicine and an explanation as to why his request for a medical transfer was denied.

The attachments supplied by the petitioner indicate that he filed an Administrative Tort Claim seeking $10,000.00 compensation for the loss of his finger. It is not clear what date he filed his claim, nor is it clear whether he has received a response to his claim. In addition, the petitioner's attachments establish that he initiated the BOP administrative grievance process on July 12, 2013, when he filed a BP-8. He then filed a BP-9, which was assigned Remedy ID No. 744915-F1. In his grievance, the petitioner alleged that health service's staff was disregarding post surgical treatment orders directed by an external physician. More specifically, he complained that he lost his finger because he was not provided antibiotics. In his response, the warden noted as follows:

> A review into this matter reveals you were injured on June 24, 2013, while attempting to empty at 55 gallon drum that you dropped on your finger. You were sent to the local emergency room and taken to surgery on this date. It was noted in the operative report that you have suffered an almost complete amputation of the end of the finger. You stated you did not wish to have been amputation but to save the finger if possible. The surgeon noted her wishes and went forward with the surgery indicating he could not guarantee survival of the finger and he did understand you may need future amputation. You are ordered antibiotics upon your return and pain medications. You were seen and evaluated during sick call on July 1, 2013, by the nurse and physician assistant. You are evaluated again by the outside specialist on July 2, 2013. You are evaluated on July 5, 2013, by the nurse practitioner when the orders from the July 2 visit were received. New orders were written at this time to continue antibiotics. The order for dressing changes was written "about every 2 days." You were evaluated again on July 6, 2013, by the nurse and new antibiotic orders were placed because he complained of side effects. On July 8, 2013, you were examined by the physician at FCI Gilmer. You were sent back to the local hospital on July 9, 2013, and admitted for surgical removal of the finger and the next day. There were no orders for dressing changes or antibiotics after your discharge. You were seen and evaluated numerous times throughout this ordeal and treated as clinically indicated.

2

(Doc. 1-3, p. 8).

On September 20, 2013, his Regional Appeal, or BP-10, was rejected and returned to the petitioner because it contained matters not addressed in BP-9. (Doc. 1-3, p. 6). On Dec. 17, 2013, the petitioner's Central Office Appeal, or BP-11, was rejected and returned to him for the same reason. He was directed to correct the issues addressed in the BP-10 rejection and resubmit the same. The petitioner has not attached anything that would indicate that he complied with this directive, and therefore it would appear that the petitioner has not exhausted his administrative remedies.

Pursuant to 28 U.S.C. § 1361, "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." However, the Court's authority to issue a writ of mandamus extends only to the issuance of writs necessary or appropriate in aid of its jurisdiction. 28 U.S.C. § 1651. "The remedy of mandamus is a drastic one, to be invoked only in extraordinary circumstances." Kerr v.United States Dist. Court, 426 U.S. 394, 402 (1976). "The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his right to such relief is clear and indisputable." In re Beard, 811 F.2d 818, 826 (4th Cir. 1987) (internal quotations omitted).

In this instance, the petitioner's right to relief is not clear and indisputable. The petitioner's attachments establish that he has not exhausted his administrative remedies. Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, **or any other federal law**, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. Booth v. Churner,

532 U.S. 731, 741 (2001). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,"[1] and is required even when the relief sought is not available. Booth at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing an action in federal court. See Porter, 534 U.S. at 524 (citing Booth, 532 U.S. at 741) (emphasis added). Accordingly, because the petitioner has not exhausted his administrative remedies, this action is subject to dismissal.

However, even if the petitioner had exhausted his administrative remedies, he is still not entitled to a Writ of Mandamus because there is clearly another means to attain the relief he desires (Bivens action ). The petitioner's allegations clearly pertain to the conditions of his confinement.

The undersigned concludes petitioner has failed to meet the stringent requirements for invoking a Writ of Mandamus.

### IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petition for Writ of Mandamus be **DENIED and DISMISSED WITHOUT PREJUDICE** to the petitioner's right to file a Bivens action after properly exhausting his administrative remedies.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the

---

[1] Id.

right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1);Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet.

DATED: June 18, 2014

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE